UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADON MCLAUGHLIN,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:25-cv-01315-KES-CDB (SS)<br><br>ORDER ON PLAINTIFF'S MOTION EXTENDING *NUNC PRO TUNC* TIME TO FILE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 11) |

Plaintiff Kadon Mclaughlin ("Plaintiff") initiated this action with the filing of a complaint on October 6, 2025, seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (Doc. 1). On October 8, 2025, the Court entered the scheduling order, setting forth dates and deadlines for the filing of the administrative record and of cross-motions for summary judgment. (Doc. 5). On December 4, 2025, Defendant filed a copy of the administrative record. (Doc. 10).

On January 5, 2026—the deadline for Plaintiff to file a motion for summary judgment (*see* Doc. 5 ¶ 3)—Plaintiff filed an ex parte motion for a 60-day extension of the filing deadline to March 6, 2026. (Doc. 11). Plaintiff represents that the request is made in good faith and not for the purpose of delay as counsel for Plaintiff has numerous merit briefs and reply briefs due the weeks of December 29, 2025, and January 5, 2026. *Id.* at 1. Counsel for Plaintiff represents he needs additional time to file Plaintiff's motion for summary judgment in light of the multiple overlapping

1 briefing deadlines and to allow counsel to fully develop and present the issues here for the Court's
2 consideration. *Id.* at 1-2. Counsel for Plaintiff represents he attempted to contact counsel for
3 Defendant on December 29, 2025, and followed up on January 5, 2026, to obtain a stipulation for
4 the requested extension but did not receive a response in time to file a joint request. *Id.*

5 Requests for extensions of time in the Eastern District of California are governed by Local
6 Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or
7 from other counsel or parties in an action as soon as the need for an extension becomes apparent."
8 L.R. 144(d). That rule further provides, "Requests for Court-approved extensions brought on the
9 required filing date for the pleading or other document are looked upon with disfavor."

10 Here, given that the administrative record was filed on December 4, 2025, coupled with
11 counsel for Plaintiff's representations that he needs approximately two additional months to prepare
12 and file an opening brief, it should have been apparent well before the January 5, 2026, deadline
13 for filing Plaintiff's motion for summary judgment that an extension was needed. Hence, under
14 Local Rule 144, Plaintiff's request for an extension is untimely.

15 The Court disfavors granting *nunc pro tunc* relief and directs Plaintiff to exercise better care
16 in anticipating any future requests for extensions of time and filing such requests well before the
17 terminal filing date that Plaintiff seeks to extend. Nevertheless, in light of Plaintiff's
18 representations that he attempted to contact Defendant's counsel before the filing deadline, the
19 Court finds good cause to continue the filing deadline as requested.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, for the reasons set forth in Plaintiff's motion and for good cause shown, IT IS HEREBY ORDERED:

1. Plaintiff's due date for filing a motion for summary judgment is extended *nunc pro tunc* from January 5, 2026, to **March 6, 2026**;
2. No further extension of the filing deadlines will be granted without a timely-filed request by one or both parties supported by a showing of good cause; and
3. The Court's Scheduling Order (Doc. 5) shall continue to govern the filing of Defendant's cross-motion for summary judgment and opposition and any reply brief.

IT IS SO ORDERED.

Dated:   **January 6, 2026**

UNITED STATES MAGISTRATE JUDGE