# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KADON MCLAUGHLIN,

              Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

              Defendant.

_____/

Case No. 1:25-cv-01315-KES-SKO

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVERSED, AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS

(Doc. 16)

14-DAY DEADLINE

## I.    INTRODUCTION

Plaintiff Kadon Mclaughlin ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted, that the final judgment of the Commissioner be reversed, and that the

---

[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 18.)

action be remanded to the Commissioner for further proceedings.

## II.    BACKGROUND

On November 11, 2022, Plaintiff protectively filed a claim for SSI payments, alleging she became disabled on October 1, 2019, due to chronic fatigue syndrome, attention deficient hyperactivity disorder (ADHD), and panic disorder. (Administrative Record ("AR") 17, 61, 78, 95, 104, 108, 241–43, 253.) She thereafter amended her alleged onset date to November 11, 2022, the application date. (AR 17, 41.)

Plaintiff was born in 2002 and was 20 years old on the application date. (AR 28, 60, 78, 259, 290, 323.) She has a high school education (AR 357–58) and previously worked as an order picker (personal shopper) (AR 27, 55).

### A.    Relevant Evidence of Record[2]

In July 2024, State agency medical expert Elizabeth Covey, PsyD, opined that Plaintiff's ability to carry out very short and simple instructions, ability to carry out detailed instructions; ability to sustain an ordinary routine without special supervision; ability to make simple work-related decisions; ability to ask simple questions or request assistance; and ability to be aware of normal hazards and take appropriate precautions were "not significantly limited." (AR 86–87.) Dr. Covey further found that Plaintiff's ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to work in coordination with or in proximity to others without being distracted by them; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; ability to respond appropriately to changes in the work setting; ability to travel in unfamiliar places or use

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

public transportation; and ability to set realistic goals or make plans independently of others were "moderately limited." (AR 86–87.) In narrative form, Dr. Covey wrote that the medical evidence of record indicates Plaintiff "appears to be capable of maintaining [concentration, persistence, and pace] for short and simple instructions through a [normal] workday/week," that Plaintiff "appears capable of superficial interaction [with] supervisors and coworkers, within [an] environment that does not involve interaction [with] the public," and that the medical evidence of record "indicates some adaptive deficits, however within above described limitations [Plaintiff is] capable of responding appropriately to changes in the work setting." (AR 87.)

**B.      Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on June 14, 2023, and again upon reconsideration on July 5, 2024. (AR 17, 95–99, 101–104.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 109–130.) The ALJ conducted a hearing on March 14, 2025. (AR 35–59.) Plaintiff appeared at the hearing with her attorney and testified as to her work history and alleged disabling conditions. (AR 42–54.) A vocational expert ("VE") also testified at the hearing. (AR 54–59.)

**C.      The ALJ's Decision**

In a decision dated April 2, 2025, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 17–29.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 19–29.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 11, 2022, the application date (step one). (AR 19.) At step two, the ALJ found Plaintiff's following impairments to be severe: general anxiety disorder (GAD), major depressive disorder (MDD), autism, and attention deficit hyperactivity disorder (ADHD). (AR 20–21.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 21–25.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A.

assessment at steps four and five (AR 32–42).  *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out simple instructions, can interact with supervisors and co-workers occasionally, and cannot work with the general public.

(AR 25–27.)   Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision."  (AR 25.)

Based on the RFC assessment, the ALJ determined that Plaintiff could perform her past relevant work as an order picker (step 4).  (AR 27.)  The ALJ also made the alternative finding that Plaintiff could perform a significant number of other jobs in the national economy (step five).  (AR 27–29.)  The ALJ concluded Plaintiff was not disabled since November 11, 2022, the application date.  (AR 29.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on August 1, 2025.  (AR 1–6.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 416.1481.

### III.    LEGAL STANDARD

#### A.    Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However,

July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id*.  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

"[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record

as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.      DISCUSSION

Plaintiff asserts four allegations of error: (1) the ALJ failed to consider properly the persuasiveness of a medical opinion; (2) the ALJ failed adequately to address assessed limitations in a credited medical opinion; (3) the ALJ failed to articulate clear and convincing reasons for

6

discounting her subjective complaints; and (4) the ALJ failed to translate moderate findings during the psychiatric review technique into the RFC. (Docs. 16, 20.) The Commissioner counters that the ALJ (1) appropriately considered the medical evidence; (2) adequately translated credited medical opinions into the assessed RFC; (3) properly relied on evidence in the record that undermined the credibility of Plaintiff's allegations of disabling symptoms and limitations; and (4) sufficiently accounted for moderate limitations in the RFC. (Doc. 19.)

The undersigned agrees with Plaintiff that the assessed RFC is not supported by substantial evidence, as the ALJ did not adequately address whether and how it accounts for credited medical opinion evidence regarding Plaintiff's moderate limitations in persistence capacities and social interactions, and on that basis will recommend that the decision be reversed and the action be remanded for further proceedings.[4]

A.    **Legal Standard**

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins*, 466 F.3d at 883. "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690.

"Where an ALJ accords substantial or great weight to a physician's opinion, [they] must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020); *see also Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in

---

[4] Because further proceedings will necessitate the re-evaluation of the evidence and re-assessment of the RFC, *see infra*, the undersigned shall not reach the additional allegations of error. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

the RFC, despite specifically crediting these limitations in the opinion); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record.  But, having clearly stated that he was according [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC."); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3–5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC); *Neufeld v. Berryhill*, No. 2:16-cv-03644 (VEB), 2018 WL 4739699, at *6 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them.").  An ALJ errs when they do not explain why they did not adopt all findings or limitations from a persuasive opinion.  *Patterson v. Comm'r of Social Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

**B.    Analysis**

As set forth above, and as pertinent here, State agency medical expert Dr. Covey opined that Plaintiff was "moderately limited" in her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (AR 86.) Dr. Covey further found Plaintiff was "moderately limited" in the "ability to accept instructions and respond appropriately to criticism from supervisors" and "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," such that she was capable of only "superficial interaction [with] supervisors and coworkers, within [an] environment that does not involve interaction [with] the public." (AR 87.)  The ALJ found the opinion "persuasive," explaining that

8

Dr. Covey "supported her determination with reference to specific evidence in the record such as treatment notes, medication records, and mental health assessments," and "the determination is also consistent with the longitudinal record which shows the claimant has difficulties with concentration and interacting with others." (AR 24 (internal citations omitted).)

The question before the undersigned is whether the ALJ, having deemed Dr. Covey's opinion persuasive, "appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC." *Harrell*, 2021 WL 4429416, at *6–7; *see also id.* ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC."). In answering this question, the undersigned is mindful that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *Wascovich*, 2019 WL 4572084, at *5 ("This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.'"); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.").

Here, it is not clear from the ALJ's decision if—and if so, how—the ALJ may have incorporated into the assessed RFC the opined moderate limitations in Dr. Covey's persuasive opinion. *See Wascovich*, 2019 WL 4572084, at *5. The Commissioner asserts that these limitations were adequately accounted for by the limitation to performing work with "simple instructions" and "occasional[]" interaction with supervisors and co-workers. (Doc. 19 at 7, 8.) This argument is not persuasive. Courts within this district have recently noted that the district court case law "tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations . . . identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption." *Harrell*, 2021 WL 4429416, at *6 (collecting cases). *See Macquarrie v. Comm'r of*

*Soc. Sec.,* No. 1:21-CV-00072-CDB, 2023 WL 8242069, at *6 (E.D. Cal. Nov. 28, 2023) ("[T]he weight of more recent case law [ ] tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress.") (quoting *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023); *Sahyoun*, 2020 WL 1492661, at *4 (rejecting argument that the RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5–6 (E.D. Cal. Jan. 6, 2020) (finding that ALJ's RFC of simple, routine tasks with limited peer and public contact did not account for opined limitations in "completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment").

As for Dr. Covey's opined moderate limitations in social interactions that limit Plaintiff to only "superficial interaction [with] supervisors and coworkers," the undersigned disagrees such limitation is accounted for in the RFC by a "occasional" interaction with supervisors and coworkers. There is a "meaningful distinction between 'occasional' and 'superficial' interactions in the context of reviewing an ALJ's decision for reversible error." *Tahni K. v. Comm'r of Soc. Sec.*, No. C23-5761-BAT, 2024 WL 49694, at *1–2 (W.D. Wash. Jan. 4, 2024). *See also Connie P. v. Comm'r Soc. Sec. Admin.*, No. 3:22-CV-00799-MK, 2023 WL 3116749, at *5 (D. Or. Apr. 27, 2023). "Occasionally is a functional limitation defined as involving 'time' because it relates to how frequently or often the action or interaction occurs," but it is "not directed to the nature of the contact, *i.e.*, whether social contact is superficial, intense, involved, complicated, or something else." *Tahni K.*, 2024 WL 49694, at *2; *see Angel M. v. Bisignano*, No. 24-CV-03708-AGT, 2025 WL 2410520, at *1 (N.D. Cal. Aug. 20, 2025) ("'Occasional' refers to the frequency of interaction. 'Superficial' refers to the caliber of the interaction. As such, occasional interactions may be more than superficial.) (internal citations omitted).

The Commissioner's reliance on *Shaibi v. Berryhill*, 883 F.2d 1102 (9th Cir. 2018) (Doc. 19 at 8) is misplaced, as that case concerned whether "occasional interaction with coworkers" accounted for the ability to "***relate to others*** on a superficial basis," not a limitation to "superficial ***interaction*** with supervisors and coworkers" at issue here.  *See id.* at 1107 ("With regard to Dr. Lochner's opinion, Shaibi argues that the ALJ ignored her conclusion that he was limited to "superficial contact" with coworkers.  Shaibi misstates Dr. Lochner's opinion; in fact, she wrote that Shaibi could '***relate to others*** on a superficial work basis.'").  Another case on which the Commissioner relies, *Richard Ryan K. v. Saul*, No. 19-cv-506, 2020 WL 6485043 (C.D. Cal. Nov. 4, 2020) (Doc. 19 at 8), is also distinguishable because in that case the ALJ accorded only "some weight" to the State agency review physicians who opined.  2020 WL 6485043 at *2.  Here, the ALJ found Dr. Covey's opinion "persuasive," "supported" and "consistent with the longitudinal record."  (AR 24.)

The undersigned therefore finds that the ALJ's decision to limit Plaintiff to work consisting of "simple instructions" did not adequately address or account for Dr. Covey's moderate limitations in Plaintiff's "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."  *Gowan v. Comm'r of Soc. Sec.*, No. 1:23-cv-00598-DAD-AC, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) ("[T]he RFC's restriction to 'simple, routine and repetitive tasks' did not account for [moderate] limitations to plaintiff's ability to maintain attendance and to perform work activities without additional or special supervision."); *Donald J. M. v. O'Malley*, No. 22-cv-1926-MMP, 2024 WL 1342573, at *14-17 (S.D. Cal. Mar. 29, 2024) (finding that the ALJ's RFC limiting plaintiff to simple, routine tasks and no interaction with the public failed to account for the plaintiff's moderate limitations in maintaining regular attendance in the workplace, in performing work activities on a consistent basis, and in performing work activities without special or additional supervision); *Christopher G. v. Saul*, No. 2:19-cv-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (RFC that the plaintiff could "perform work involving simple, routine tasks with limited public and co-worker interaction" failed to address moderate limitation in maintaining regular attendance, completing a normal workday

or workweek, or in performing at a consistent pace without an unreasonable number and length of rest periods); *Sahyoun*, 2020 WL 1492661, at *4 (RFC limiting the plaintiff to simple, repetitive tasks and no more than occasional interaction with supervisors, coworkers and public did not adequately capture moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Cummings v. Berryhill*, No. 5:17-cv-00056-AS, 2018 WL 813620, at *1, 3 (C.D. Cal. Feb. 9, 2018) (ALJ's RFC determination limiting the plaintiff to work involving simple, routine tasks, a non-public environment, and non-intense interaction with coworkers and supervisors failed to take into account that plaintiff was "moderately limited in his ability to perform work activities without additional or special supervision, to complete a normal workday or workweek without interruption resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work").  Nor did the ALJ's determination to limit Plaintiff to "occasional interactions" adequately address or account for Dr. Covey's finding that she was capable of only "superficial interaction [with] supervisors and coworkers."  *See Angel M.*, 2025 WL 2410520, at *1 (RFC not supported by substantial evidence where the ALJ used the term "occasionally" in the RFC despite the credited opinion using the term "superficial": "Because the ALJ credited the consultants' opinions and gave no reason to set aside their assessment, her omission of "superficial" from the RCF was error."); *Alejandro D. v. King*, No. 2:23-CV-10658-MAA, 2025 WL 3899328, at *4 (C.D. Cal. Feb. 12, 2025) ("occasional interaction with coworkers and supervisors" insufficient to account for limitations for "brief" and "superficial" interactions when they are otherwise accepted in medical opinions.); *Jason W. v. O'Malley*, No. 2:23-CV-06518-SSC, 2024 WL 6994761, at *3–5 (C.D. Cal. July 31, 2024) (finding error where the RFC assessment allowing for "occasional" interactions with coworkers and supervisors inadequately captured the accepted "limitation to 'brief superficial interactions' or explain[ed] the absence" of such limitation); *cf. James S. v. Comm'r of Soc. Sec.*, No. 3:25-CV-05178-TLF, 2026 WL 710145, at *3 (W.D. Wash. Mar. 13, 2026) (noting the Commissioner's concession that, despite crediting medical opinions limiting social interaction to a "superficial basis," the ALJ erred by including only a limitation to "occasional interactions with coworkers and supervisors," which "is a quantitative rather than qualitative measure," and failing to

explain "how person capable of only interacting for brief periods of time on a superficial basis with others in a work setting could even occasionally tolerate contact that was more than superficial.").

Because the ALJ credited Dr. Covey's opinion, the ALJ needed to address either (1) how they translated the opined moderate limitations into the RFC, or (2) why they did not. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008). Absent an explanation for failing to account for these limitations, the ALJ's RFC determination is not supported by substantial evidence. *See Christopher S. Z. v. O'Malley*, No. 2:23-CV-09446-DTB, 2024 WL 6916748, at *4 (C.D. Cal. Oct. 15, 2024); *Sahyoun*, 2020 WL 1492661, at *3; *Robbins*, 466 F.3d at 886 ("an ALJ is not free to disregard properly supported limitations"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC."); *Wiles v. Berryhill*, No. 2:16-cv-09558-GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017).

Based on the foregoing, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

**C.      Harmlessness Review**

The undersigned must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id*.; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted).

The undersigned cannot conclude that the error is harmless as it is not clear whether inclusion of the unaddressed moderate limitations as opined by Dr. Covey would have eliminated available jobs.[5] Moderate limitations are not per se disabling, but they may translate into more concrete work

---

[5] The undersigned disagrees with Plaintiff, however, that the omission from the RFC of the word "short" that was included in Dr. Covey's limitation to "short and simple instructions" is harmful error. At least two of the representative occupations identified by the VE require a reasoning level of 1, which is consistent with a limitation to "short and simple instructions." *See Gonzales v. Colvin*, No. ED CV 13-663-AS, 2014 WL 4265375, at *8 (C.D. Cal. Aug. 28, 2014) ("Dr. Conte's limitation to short and simple instructions is consistent with the wording of reasoning level 1."); *cf. Leach*

restrictions. *See Macquarrie*, 2023 WL 8242069, at *7. For example, the VE testified that a limitation of being off task more than 10 percent of the time would be work preclusive. (AR 57.) Additionally, the VE testified that a person absent one day per month up to five days per year would preclude all work. (AR 57.) Had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different. Because the undersigned cannot find that the error was "inconsequential to the ultimate nondisability determination," the undersigned recommends reversal. *Molina*, 674 F.3d at 1115.

**D.     Remedy**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the undersigned finds, and Plaintiff agrees, (Doc. 16 at 17), that remand for further proceedings is the appropriate remedy. *See, e.g., Chan v. Bisignano,* No. 1:25-CV-01479-SKO, 2026 WL 807520, at *7 (E.D. Cal. Mar. 24, 2026) (remanding for further proceedings where RFC determination was not supported by substantial evidence). On remand, the ALJ shall either incorporate all of the limitations assessed by Dr. Covey into the assessed RFC or explain why any such limitation(s) is not incorporated.

**V.     FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's motion for summary judgment (Doc. 16) be GRANTED;

2.     The final decision of the Commissioner of Social Security be REVERSED;

3.     This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

---

*v. Kijakazi*, 70 F.4th 1251, 1256–57 (9th Cir. 2023) (finding a conflict with Level Two reasoning when a claimant is limited to "short and simple instructions"). Thus, any error in this regard is harmless. *See Stubbs-Danielson*, 539 F.3d at 1174 (to the extent ALJ erred by omitting certain postural limitations from RFC, such error was harmless since sedentary work did not generally require such maneuvers).

4.     The Clerk of Court be DIRECTED to enter judgment in favor of Plaintiff Kadon Mclaughlin, and against Defendant Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 11, 2026**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

15